IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

THE CITY OF WAVELAND,　　　　)
MISSISSIPPI,　　　　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　Plaintiff ,　　　　　　　)
　　　　　　　　　　　　　　　　)
vs.　　　　　　　　　　　　　　　)　　　CASE NO.  1:13CV-00028-HSO-RHW
　　　　　　　　　　　　　　　　)
THE OHIO CASUALTY INSURANCE　)
COMPANY,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　Defendant.　　　　　　　)

## ANSWER

Defendant THE OHIO CASUALTY INSURANCE COMPANY ("Ohio Casualty") answers Plaintiff's Complaint as follows:

## INTRODUCTION

Ohio Casualty admits that it issued payment and performance bonds on behalf of C. Perry Builders, Inc. in connection with the construction project made the subject of this action. Ohio Casualty denies the remaining allegations of the Introduction.

## THE PARTIES

1.　　　Ohio Casualty lacks sufficient information to admit or deny the allegations of paragraph 1.

2.　　　Ohio Casualty admits that it is a company organized under the laws of the state of Ohio and its home office is 9450 Seward Road, Fairfield, Ohio. The remaining allegations of paragraph 2 are denied.

3.      Ohio Casualty admits the allegations of paragraph 3.

4.      The allegations of paragraph 4 call for a legal conclusion to which no response is required of Ohio Casualty.

### SUBJECT MATTER JURISDICTION, PERSONAL JURISDICTION, AND VENUE

5.      Ohio Casualty adopts and incorporates its responses to the preceding paragraphs as though the same were fully set forth herein.

6.      Ohio Casualty does not challenge or contest this Court's jurisdiction.

7.      Ohio Casualty does not challenge or contest that venue is proper in this Court.

8.      Ohio Casualty does not challenge or contest that it is subject to this Court's personal jurisdiction.

9.      Ohio Casualty does not challenge or contest this Court's jurisdiction. Ohio Casualty denies the allegations of the second and third sentences of paragraph 9.

### PURPORTED FACTS

10.     Ohio Casualty adopts and incorporates its responses to the preceding paragraphs as though the same were fully set forth herein.

11.     The allegations of paragraph 11 do not call for a response from Ohio Casualty. In the event a response to the allegations of paragraph 11 is required, Ohio Casualty denies the allegations.

12.     Ohio Casualty lacks sufficient information to admit or deny the allegations of paragraph 12, and therefore, denies the allegations of paragraph 12.

{B1581282}

13.     Ohio Casualty lacks sufficient information to admit or deny the allegations of paragraph 13, and therefore, denies the allegations of paragraph 13.

14.     Ohio Casualty lacks sufficient information to admit or deny the allegations of paragraph 14, and therefore, denies the allegations of paragraph 14.

15.     Ohio Casualty lacks sufficient information to admit or deny the allegations of paragraph 15, and therefore, denies the allegations of paragraph 15.

16.     Ohio Casualty lacks sufficient information to admit or deny the allegations of paragraph 16, and therefore, denies the allegations of paragraph 16.

17.     The documents referenced in paragraph 17 speak for themselves and Ohio Casualty denies any inconsistent allegations.

18.     Ohio Casualty lacks sufficient information to admit or deny the allegations of paragraph 18, and therefore, denies the allegations of paragraph 18.

19.     Ohio Casualty lacks sufficient information to admit or deny the allegations of paragraph 19, and therefore, denies the allegations of paragraph 19.

20.     The documents referenced in paragraph 20 speak for themselves and Ohio Casualty denies any inconsistent allegations.

21.     The documents referenced in paragraph 21 speak for themselves and Ohio Casualty denies any inconsistent allegations.

22.     The documents referenced in paragraph 22 speak for themselves and Ohio Casualty denies any inconsistent allegations.

23.     The documents referenced in paragraph 23 speak for themselves and Ohio Casualty denies any inconsistent allegations.

{B1581282}

24.     Ohio Casualty admits that Plaintiff awarded the construction project to C. Perry Builders, Inc.

25.     Ohio Casualty admits that Plaintiff and C. Perry Builders, Inc., entered into a construction contract.

26.     The document referenced in paragraph 26 speaks for itself and Ohio Casualty denies any inconsistent allegations.

27.     The document referenced in paragraph 27 speaks for itself and Ohio Casualty denies any inconsistent allegations.

28.     The document referenced in paragraph 28 speaks for itself and Ohio Casualty denies any inconsistent allegations.

29.     The document referenced in paragraph 29 speaks for itself and Ohio Casualty denies any inconsistent allegations.

30.     Ohio Casualty admits that it provided a performance bond for the project. Ohio Casualty denies that its bond was part of the contract between C. Perry Builders, Inc. and Plaintiff.

31.     Ohio Casualty admits the allegations of paragraph 31.

32.     The document referenced in paragraph 32 speaks for itself and Ohio Casualty denies any inconsistent allegations.

33.     The document referenced in paragraph 33 speaks for itself and Ohio Casualty denies any inconsistent allegations.

34.     The document referenced in paragraph 34 speaks for itself and Ohio Casualty denies any inconsistent allegations.

{B1581282}

35.     The document referenced in paragraph 35 speaks for itself and Ohio Casualty denies any inconsistent allegations.

36.     Ohio Casualty admits that it issued payment and performance bonds in connection with C. Perry Builders, Inc.'s construction contract with the Plaintiff, inclusive of all addenda and other documents incorporated by reference thereto.

37.     The document referenced in paragraph 37 speaks for itself and Ohio Casualty denies any inconsistent allegations.

38.     The document referenced in paragraph 38 speaks for itself and Ohio Casualty denies any inconsistent allegations.

39.     The document referenced in paragraph 39 speaks for itself and Ohio Casualty denies any inconsistent allegations.

40.     The document referenced in paragraph 40 speaks for itself and Ohio Casualty denies any inconsistent allegations.

41.     The document referenced in paragraph 41 speaks for itself and Ohio Casualty denies any inconsistent allegations.

42.     The document referenced in paragraph 42 speaks for itself and Ohio Casualty denies any inconsistent allegations.

43.     Ohio Casualty lacks sufficient information to admit or deny the allegations of paragraph 43.

44.     Ohio Casualty lacks sufficient information to admit or deny the allegations of paragraph 44.

{B1581282}

45.     Ohio Casualty lacks sufficient information to admit or deny the allegations of paragraph 45.

46.     The project design referenced in paragraph 46 speaks for itself and Ohio Casualty denies any inconsistent allegations.

47.     Ohio Casualty lacks sufficient information to admit or deny the allegations of paragraph 47.

48.     Ohio Casualty lacks sufficient information to admit or deny the allegations of paragraph 48.

49.     Ohio Casualty lacks sufficient information to admit or deny the allegations of paragraph 49.

50.     Ohio Casualty lacks sufficient information to admit or deny the allegations of paragraph 50.

51.     The document referenced in paragraph 51 speaks for itself and Ohio Casualty denies any inconsistent allegations.

52.     The document referenced in paragraph 52 speaks for itself and Ohio Casualty denies any inconsistent allegations.

53.     The document referenced in paragraph 53 speaks for itself and Ohio Casualty denies any inconsistent allegations.

54.     The document referenced in paragraph 54 speaks for itself and Ohio Casualty denies any inconsistent allegations.

55.     The document referenced in paragraph 55 speaks for itself and Ohio Casualty denies any inconsistent allegations.

{B1581282}

56.    The documents referenced in paragraph 56 speak for themselves and Ohio Casualty denies any inconsistent allegations.

57.    The document referenced in paragraph 57 speaks for itself and Ohio Casualty denies any inconsistent allegations.

58.    Ohio Casualty lacks sufficient information to admit or deny the allegations of paragraph 58.

59.    Ohio Casualty lacks sufficient information to admit or deny the allegations of paragraph 59.

60.    Ohio Casualty lacks sufficient information to admit or deny the allegations of paragraph 60.

61.    Ohio Casualty lacks sufficient information to admit or deny the allegations of paragraph 61.

62.    Ohio Casualty lacks sufficient information to admit or deny the allegations of paragraph 62.

63.    Ohio Casualty lacks sufficient information to admit or deny the allegations of paragraph 63.

64.    The document referenced in paragraph 64 speaks for itself and Ohio Casualty denies any inconsistent allegations.

65.    Ohio Casualty lacks sufficient information to admit or deny the allegations of paragraph 65.

66.    The document referenced in paragraph 66 speaks for itself and Ohio Casualty denies any inconsistent allegations.

{B1581282}

67.     Ohio Casualty lacks sufficient information to admit or deny the allegations of paragraph 67.

68.     Ohio Casualty lacks sufficient information to admit or deny the allegations of paragraph 68.

69.     The document referenced in paragraph 69 speaks for itself and Ohio Casualty denies any inconsistent allegations.

70.     Ohio Casualty lacks sufficient information to admit or deny the allegations of paragraph 70.

71.     Ohio Casualty lacks sufficient information to admit or deny the allegations of paragraph 71.

72.     The document referenced in paragraph 72 speaks for itself and Ohio Casualty denies any inconsistent allegations.

73.     Ohio Casualty lacks sufficient information to admit or deny the allegations of paragraph 73.

74.     The documents referenced in paragraph 74 speak for themselves and Ohio Casualty denies any inconsistent allegations.

75.     Ohio Casualty lacks sufficient information to admit or deny the allegations of paragraph 75.

76.     Ohio Casualty lacks sufficient information to admit or deny the allegations of paragraph 76.

77.     Ohio Casualty lacks sufficient information to admit or deny the allegations of paragraph 77.

{B1581282}

78.    On information and belief, C. Perry Builders, Inc. did not complete the construction contract due to the Plaintiff's breach of the construction contract and termination of C. Perry Builders, Inc.

79.    The documents referenced in paragraph 79 speak for themselves and Ohio Casualty denies any inconsistent allegations.

80.    The document referenced in paragraph 80 speaks for itself and Ohio Casualty denies any inconsistent allegations.

81.    Ohio Casualty admits that exhibits J and K appear to be true and correct copies of the letters it received.

82.    The document referenced in paragraph 82 speaks for itself and Ohio Casualty denies any inconsistent allegations.

83.    Ohio Casualty admits that exhibit L appears to be a true and correct copy of the letter it sent.

84.    Ohio Casualty admits the allegations of paragraph 84.

85.    Ohio Casualty admits the allegations of paragraph 85.

84.    Ohio Casualty lacks sufficient information to admit or deny the allegations of the second paragraph 84 of Plaintiff's Complaint.

85.    Ohio Casualty lacks sufficient information to admit or deny the allegations of the second paragraph 85 of Plaintiff's Complaint.

86.    The document referenced in paragraph 86 speaks for itself and Ohio Casualty denies any inconsistent allegation.

{B1581282}

87.    Ohio Casualty admits that exhibit O appears to be a true and correct copy of the letter it received.

88.    The document referenced in paragraph 88 speaks for itself and Ohio Casualty denies any inconsistent allegation.

89.    Ohio Casualty admits that exhibit P appears to be a true and correct copy of the letter it received.

90.    Ohio Casualty lacks sufficient information to admit or deny the allegations of paragraph 90.

91.    Ohio Casualty denies the allegations of paragraph 91.

92.    The document referenced in paragraph 88 speaks for itself and Ohio Casualty denies any inconsistent allegation.

93.    Ohio Casualty denies the allegations of paragraph 93.

94.    The document referenced in paragraph 94 speaks for itself and Ohio Casualty denies any inconsistent allegation.

95.    The document referenced in paragraph 95 speaks for itself and Ohio Casualty denies any inconsistent allegation.

96.    Ohio Casualty denies the allegations of paragraph 96.

97.    Ohio Casualty denies the allegations of paragraph 97.

98.    Ohio Casualty denies the allegations of paragraph 98.

99.    Ohio Casualty denies the allegations of paragraph 99.

100.   Ohio Casualty denies the allegations of paragraph 100.

101.   Ohio Casualty denies the allegations of paragraph 101.

{B1581282}

102.    Ohio Casualty denies the allegations of paragraph 102.

103.    Ohio Casualty denies the allegations of paragraph 103.

104.    Ohio Casualty denies the allegations of paragraph 104.

105.    Ohio Casualty denies the allegations of paragraph 105.

106.    Ohio Casualty denies the allegations of paragraph 106.

107.    Ohio Casualty admits the allegations of paragraph 107.

108.    Ohio Casualty admits the allegations of paragraph 108.

109.    Ohio Casualty denies the allegations of paragraph 109.

## COUNT I
### CLAIM FOR DECLARATORY JUDGMENT AND EXPEDITED RELIEF

110.    Ohio Casualty adopts and incorporates its responses to the preceding paragraphs as though the same were fully set forth herein.

111.    Ohio Casualty denies the allegations of paragraph 111.

112.    Paragraph 112 contains no allegations directed to Ohio Casualty and no response is required.

113.    Paragraph 113 contains no allegations directed to Ohio Casualty and no response is required.

114.    Ohio Casualty lacks sufficient information to admit or deny the allegations of paragraph 114.

115.    The document referenced in paragraph 115 speaks for itself and Ohio Casualty denies any inconsistent allegations. Ohio Casualty denies the remaining allegations of paragraph 115.

{B1581282}

116.   Ohio Casualty denies the allegations of paragraph 116.

117.   Paragraph 117 contains no allegations directed to Ohio Casualty and no response is required. In the event the allegations of paragraph 117 call for a response from Ohio Casualty, Ohio Casualty denies the allegations of paragraph 117.

118.   Ohio Casualty denies the allegations of paragraph 118 and further denies that Plaintiff is entitled to any judgment, declaration, or award whatsoever.

119.   Ohio Casualty denies the allegations of paragraph 119 and further denies that Plaintiff is entitled to recover any damages, losses, costs, fees, punitive damages, or any other relief whatsoever.

## COUNT II
### CLAIM FOR DECLARATORY AND EXPEDITED RELIEF

120.   Ohio Casualty adopts and incorporates its responses to the preceding paragraphs as though the same were fully set forth herein.

121.   Ohio Casualty denies the allegations of paragraph 121.

122.   Paragraph 122 contains no allegations directed to Ohio Casualty and no response is required.

123.   The first sentence of paragraph 123 contains no allegations directed to Ohio Casualty and no response is required. Ohio Casualty lacks sufficient information to admit or deny the allegations of the remainder of paragraph 123.

124.   Ohio Casualty lacks sufficient information to admit or deny the allegations of paragraph 124.

{B1581282}

125.   The document referenced in paragraph 125 speaks for itself and Ohio Casualty denies any inconsistent allegations.

126.   Ohio Casualty lacks sufficient information to admit or deny the allegations of paragraph 126.

127.   Paragraph 127 contains no allegations directed to Ohio Casualty and no response is required. In the event the allegations of paragraph 127 call for a response from Ohio Casualty, Ohio Casualty denies the allegations of paragraph 127.

128.   Ohio Casualty denies the allegations of paragraph 128 and further denies that Plaintiff is entitled to any judgment, declaration, or award whatsoever.

129.   Ohio Casualty denies the allegations of paragraph 129 and further denies that Plaintiff is entitled to any judgment, declaration, or award whatsoever.

130.   Ohio Casualty denies the allegations of paragraph 130 and further denies that Plaintiff is entitled to any judgment, declaration, or award whatsoever.

## COUNT III
### CLAIM FOR DECLARATORY JUDGMENT AND EXPEDITED RELIEF

131.   Ohio Casualty adopts and incorporates its responses to the preceding paragraphs as though the same were fully set forth herein.

132.   Ohio Casualty denies the allegations of paragraph 132.

133.   Paragraph 133 contains no allegations directed to Ohio Casualty and no response is required.

134.   Paragraph 134 contains no allegations directed to Ohio Casualty and no response is required.

{B1581282}

135.   Ohio Casualty lacks sufficient information to admit or deny the allegations of paragraph 135.

136.   The document referenced in paragraph 136 speaks for itself and Ohio Casualty denies any inconsistent allegations.

137.   The document referenced in paragraph 137 speaks for itself and Ohio Casualty denies any inconsistent allegations.

138.   Ohio Casualty denies the allegations of paragraph 138.

139.   The document referenced in paragraph 139 speaks for itself and Ohio Casualty denies any inconsistent allegations.

140.   Ohio Casualty denies the allegations of paragraph 140.

141.   Ohio Casualty denies the allegations of paragraph 141.

142.   Paragraph 142 contains no allegations directed to Ohio Casualty and no response is required. In the event the allegations of paragraph 142 call for a response from Ohio Casualty, Ohio Casualty denies the allegations of paragraph 142.

143.   Ohio Casualty denies the allegations of paragraph 143 and further denies that Plaintiff is entitled to any judgment, declaration, or award whatsoever.

144.   Ohio Casualty denies the allegations of paragraph 144 and further denies that Plaintiff is entitled to recover any damages, losses, costs, fees, punitive damages, or any other relief whatsoever.

## COUNT IV
## BREACH OF CONTRACT/ BAD FAITH BREACH OF CONTRACT

{B1581282}

145.   Ohio Casualty adopts and incorporates its responses to the preceding paragraphs as though the same were fully set forth herein.

146.   Ohio Casualty denies the allegations of paragraph 146.

147.   Ohio Casualty denies the allegations of paragraph 147.

148.   Ohio Casualty denies the allegations of paragraph 148.

149.   Ohio Casualty denies the allegations of paragraph 149.

**COUNT V**
**BREACH OF DUTY TO THIRD PARTY BENEFICIARY**

150.   Ohio Casualty adopts and incorporates its responses to the preceding paragraphs as though the same were fully set forth herein.

151.   Ohio Casualty denies the allegations of paragraph 151.

152.   Ohio Casualty admits the allegations of paragraph 152.

153.   Ohio Casualty denies the allegations of paragraph 153.

154.   Ohio Casualty denies the allegations of paragraph 154.

155.   Ohio Casualty denies the allegations of paragraph 155.

156.   Ohio Casualty denies the allegations of paragraph 156.

157.   Ohio Casualty denies the allegations of paragraph 157.

**COUNT VI**
**INDEMNIFICATION**

158.   Ohio Casualty adopts and incorporates its responses to the preceding paragraphs as though the same were fully set forth herein.

159.   Ohio Casualty denies the allegations of paragraph 159.

{B1581282}

160.    Ohio Casualty denies the allegations of paragraph 160.

161.    Ohio Casualty denies the allegations of paragraph 161.

### COUNT VII
### PUNITIVE AND EXTRA-CONTRACTUAL DAMAGES

162.    Ohio Casualty adopts and incorporates its responses to the preceding paragraphs as though the same were fully set forth herein.

163.    Ohio Casualty denies the allegations of paragraph 163.

164.    Ohio Casualty denies the allegations of paragraph 164.

165.    Ohio Casualty denies the allegations of paragraph 165.

166.    Ohio Casualty denies the allegations of paragraph 166. Ohio Casualty further denies that Plaintiff is entitled to any compensatory losses, liquidated damages, attorneys' fees, expert fees, interest, punitive damages, extra-contractual damages, or any other relief whatsoever.

### PRAYER FOR RELIEF

Ohio Casualty denies that Plaintiff is entitled to any judgment, decree, order, award, or other relief whatsoever. Ohio Casualty specifically denies that Plaintiff is entitled to any declaratory judgment, any actual damages, compensatory damages, extra-contractual damages, liquidated damages, punitive damages, pre-judgment interest, post-judgment interest, costs, attorneys' fees, expert fees, expert costs, any other amounts, or any other relief whatsoever.

{B1581282}

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

All material allegations of the Complaint are denied for lack of information.

## SECOND AFFIRMATIVE DEFENSE

Ohio Casualty generally denies the material allegations of Plaintiff's Complaint and demands strict proof thereof.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims for damages are not compensable under the bond issued by Ohio Casualty on C. Perry Builders, Inc.'s behalf.

## FOURTH AFFIRMATIVE DEFENSE

Ohio Casualty's liability, if any, is strictly limited to the penal sum of the aforementioned bond.

## FIFTH AFFIRMATIVE DEFENSE

Ohio Casualty denies plaintiff is entitled to the recovery of any attorney's fees, punitive or extra-contractual damages under the bond made in part the subject of this action.

## SIXTH AFFIRMATIVE DEFENSE

By virtue of the relationship of principal and surety which exists between C. Perry Builders, Inc. and Ohio Casualty, this defendant is entitled to assert any and all defenses which may exist in favor of its principal with respect to the allegations made the subject of this action.

{B1581282}

## SEVENTH AFFIRMATIVE DEFENSE

The liability of Ohio Casualty, if any, is limited and defined by the provisions of Title 31, Chapter 5, sections 51 through 57 of the Mississippi Code which governs bonds securing public works contracts.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the defense of estoppel.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because of its default under the terms of its construction contract with C. Perry Builders, Inc.

## TENTH AFFIRMATIVE DEFENSE

By virtue of Plaintiff's action and conduct with respect to the claims made the subject of this action, all claims against Ohio Casualty, as surety, have been waived and released.

## ELEVENTH AFFIRMATIVE DEFENSE.

By virtue of its action and conduct with respect to the claims made the subject of this action, Plaintiff assumed the risk of damages and should be barred from recovering any amounts from Ohio Casualty, as surety.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Ohio Casualty should be barred, in whole or in part, because Plaintiff failed to mitigate its damages.

{B1581282}

## THIRTEENTH AFFIRMATIVE DEFENSE

Ohio Casualty's liability to the Plaintiff, if any, is conditioned upon a finding that C. Perry Builders, Inc., is liable to the Plaintiff. Absent such a finding, Ohio Casualty cannot be liable to the Plaintiff.

## FOURTEENTH AFFIRMATIVE DEFENSE

Any actual damages that Plaintiff may have incurred and/or experienced are the result of acts and/or omissions of individuals and/or entities other than Ohio Casualty, and for which Ohio Casualty is not legally responsible.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to comply with all conditions precedent to asserting its claims as set forth in Miss. Code Ann. § 31-5-53.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for extra-contractual and punitive damages are barred because Ohio Casualty had legitimate reason to deny Plaintiff's claim.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for extra-contractual and punitive damages are barred because Ohio Casualty did not maliciously, grossly negligently, or wantonly disregard of the rights of the Plaintiff with respect to Plaintiff's claim.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages violates the constitutional rights and safeguards afforded to this Defendant under the provisions of the United States Constitution and the Mississippi Constitution, including, but not limited to, the following:

19 of 28

a.    The Due Process and Self-Incrimination Clause of the Fifth Amendment of the United States Constitution;

b.    The Due Process and Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

c.    The Due Process Clause of Article III, Section 14 of the Mississippi Constitution;

d.    The Self-Incrimination Clause of Article III, Section 26 of the Mississippi Constitution;

e.    The Excessive Fines Clause of the Eighth Amendment of the United States Constitution; and

f.    The Excessive Fines Clause of Article III, Section 28 of the Mississippi Constitution.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages, and the provisions of Mississippi law governing the right to recover punitive damages or the determination of the amount of punitive damages, violate the United States Constitution and/or the common law and/or the public policies of the United States on the following grounds:

a.    It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil Defendant, upon the Plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" standard required in criminal cases.

b.    The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of a punitive award against a Defendant, which violates Defendant's rights to due process as guaranteed by the United States Constitution.

c.    The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the award of punitive damages, which violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

{B1581282}

d.    The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts, and thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution and the Defendant's due process rights.

e.    Plaintiff's claim for punitive damages against this Defendant cannot be sustained because an award of punitive damages under Mississippi law subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose, including an amount possibly in excess of the amount authorized by the Mississippi Criminal Code for the same or similar conduct, and providing no protection against awards of punitive damages for the same course of conduct, will violate this Defendant's due process and equal protection rights as guaranteed by the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

f.    The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution and in violation of the Defendant's due process rights.

g.    Plaintiff's claim for punitive damages against this Defendant cannot be sustained because any award of punitive damages under Mississippi law would violate the Defendant's due process rights in as much as juries are allowed to award punitive damages as they see fit or as a matter of "moral discretion" without adequate or specific standards as to the amount necessary to punish and deter and without a necessary relationship to the amount of actual harm caused.

h.    Plaintiff's claim of punitive damages, and the provisions of Mississippi law governing the right to recover punitive damages or the determination of punitive damages are unconstitutionally vague, indefinite and uncertain, and they deprive this Defendant of due process of law.

i.    Plaintiff's claim of punitive damages, and the provisions of Mississippi law governing the right to recover punitive damages or the determination of punitive damages cause this Defendant to be treated differently from other similarly situated persons/entities by subjecting this Defendant to liability beyond the actual loss, if any, caused by Defendant's conduct, if any, and to liability determined without clearly defined principles, standards and limits on the amount of such awards.

j.    Plaintiff's claim of punitive damages, and the provisions of Mississippi law governing the right to recover punitive damages or the determination of

21 of 28

{B1581282}

punitive damages, subject this Defendant to punishment for the conduct of others through vicarious liability, respondent superior, or through non-apportionment of damages among joint tortfeasors based on the respective size of their alleged misconduct, in violation of Defendant's due process rights and the Fifth and Fourteenth Amendments to the United States Constitution.

k.      Plaintiff's claim for punitive damages, and the provisions of Mississippi law governing the right to recover punitive damages or the determination of punitive damages expose this Defendant to the risk of indefinable, unlimited liability unrelated to the actual loss caused by Defendant's conduct, creating a chilling effect on Defendant's exercise of its right to a judicial resolution of this dispute.

l.      Plaintiff is not entitled to recover punitive damages, which are penal in nature, because it would violate the self incrimination clause of the Fifth Amendment to the United States Constitution to compel this Defendant to disclose potentially incriminating documents and evidence.

m.      An award of punitive damages in this case would constitute a deprivation of property without due process of law.

n.      The procedures pursuant to which punitive damages are awarded are not rationally related to legitimate government interests.

o.      The procedures pursuant to which punitive damages are awarded subject this Defendant to punishment under a law not fully established before the alleged offense.

## TWENTIETH AFFIRMATIVE DEFENSE

An award of punitive damages will violate this Defendant's rights to due process of law under the Fifth and Fourteenth Amendments to the United States Constitution and this Defendant's rights under the Constitution of the State of Mississippi, because under Mississippi law: (a) the standard for an award of punitive damages is so vague, indefinite and uncertain that it does not give this Defendant adequate notice of the kind of conduct for which it may be liable for punitive damages or the extent of its possible liability; (b) the judge or jury is not provided with constitutionally adequate standards of sufficient

{B1581282}

clarity, objectivity, and uniformity for determining either the appropriate imposition of an award of punitive damages or the appropriate size of an award of punitive damages; (c) the judge or jury is not instructed in a constitutionally adequate manner on the limits of punitive damages awards imposed by the applicable principles of punishment and deterrence; (d) the judge or jury is not expressly prohibited from awarding punitive damages, or from determining the amount of an award of punitive damages, in whole or in part, on the basis of individually discriminatory characteristics, including without limitation the residence, wealth, and corporate status of the Defendant; (e) this Defendant may be subjected to punishment based upon the same course of conduct in more than one action; (f) the judge or jury is permitted to award punitive damages under standards for determining liability for, and the amount of, punitive damages that are vague and arbitrary and that do not define with sufficient clarity the culpable conduct or mental state that makes an award of punitive damages permissible; and (g) an award of punitive damages is not subject to judicial review for reasonableness and furtherance of legitimate purposes on the basis of constitutionally adequate standards of sufficient clarity, objectivity, and uniformity.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages is barred because an award of punitive damages under Mississippi law will constitute an impermissible burden on interstate commerce in violation of the Commerce Clause of Article I, § 9 of the United States Constitution.

{B1581282}

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages is barred to the extent that it seeks the admission into evidence of Defendant's net worth in determining whether punitive damages are to be awarded and/or in what amount they are to be awarded because punitive damages are a form of punishment that is grounded in Defendant's status rather than in specific misconduct, and thus has the effect of treating classes of citizens unequally in violation of the Equal Protection Clause of the Fifth and Fourteenth Amendments to the United States Constitution.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Punitive damages are a form of criminal or quasi-criminal sanctions.  Therefore, Plaintiff's claim for punitive damages cannot be upheld because an award of punitive damages without the same protections that are accorded criminal Defendants, including, but not limited to, protection against searches and seizures, double jeopardy and self-incrimination and the rights to confront adverse witnesses, the requirement of proof by evidence beyond a reasonable doubt and to a speedy trial would violate this Defendant's rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.  These rights will be violated unless this Defendant is afforded the safeguards guaranteed by these provisions, including, but not limited to, the right to separate trials if requested for the determination of liability for compensatory and punitive damages, as well as for the determination of the amount of punitive damages, if any.

{B1581282}

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff cannot recover punitive damages against this Defendant because such an award, which is penal in nature, would violate this Defendant's rights under the Constitution of the United States, unless this Defendant is afforded the same procedural safeguards as are criminal Defendants, including, but not limited to, the right to avoid self incrimination.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages against this Defendant cannot be upheld, because an award of punitive damages under Mississippi law for the purpose of compensating Plaintiff for elements of damage not otherwise recognized by Mississippi law would violate this Defendant's due process rights guaranteed by the United States Constitution and by the due process provisions of the Mississippi Constitution.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims for punitive damages against this Defendant cannot be upheld to the extent they are a violation of any law passed by the United States Congress or the Mississippi Legislature limiting awards of punitive damages.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages cannot be upheld to the extent that it violates or contravenes the holding of the United States Supreme Court in ruling in the case of BMW of North Am., Inc. v. Gore, 517 U.S. 559, 116 S. Ct. 1589, 134 L. Ed. 2d 809 (1996), and Cooper Indus., Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424 , 121 S. Ct. 1678, 149 L. Ed. 2d 674 (2001).

{B1581282}

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages cannot be upheld under <u>BMW of North Am., Inc. v. Gore</u>, 517 U.S. 559, 116 S. Ct. 1589, 134 L. Ed. 2d 809 (1996), to the extent that it is not based on the least drastic remedy or lowest amount of punitive damages that could be expected to ensure that this Defendant will more fully comply with this state's laws in the future.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's demand for punitive damages violates the Due Process Clause of the Fourteenth Amendment in that the Plaintiff's claim for punitive damages is not necessary to vindicate the state's interest in punishing this Defendant and deterring this Defendant from future misconduct.  <u>State Farm Mut. Auto. Ins. Co. v. Campbell</u>, 123 S. Ct. 1513, 155 L. Ed. 2d 585 (2003).

## THIRTIETH AFFIRMATIVE DEFENSE

Plaintiff's demand for punitive damages in this case is unconstitutional in that it seeks to punish this Defendant for, and deter this Defendant from, lawful conduct occurring outside the State of Mississippi and hence violates fundamental and long-standing principles of state sovereignty and immunity. <u>State Farm Mut. Auto. Ins. Co. v. Campbell</u>, 123 S. Ct. 1513, 155 L. Ed. 2d 585 (2003).

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages cannot be upheld to the extent that it violates or contravenes the ratio of punitive damages allowed by the holding of the

{B1581282}

United States Supreme Court in ruling in the case of <u>State Farm Mut. Auto. Ins. Co. v.</u> <u>Campbell</u>, 123 S. Ct. 1513, 155 L. Ed. 2d 585 (April 7, 2003).

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages is subject to the limitations in the United States Supreme Court's opinion in <u>Phillip Morris v. Williams</u>, 549 U.S. 346, 127 S. Ct. 1057 (2007).

## THIRTY-THIRD AFFIRMATIVE DEFENSE

An award of punitive damages is unwarranted under the circumstances in this case, and would violate the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution and similar rights assured by common law.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

At all times relevant, Ohio Casualty acted in good faith and without malice or intent to injure Plaintiff.

### RESERVATION OF RIGHTS

Ohio Casualty reserves the right to amend this pleading and assert such further and different claims and defenses which may become known during its investigation and continuing discovery.

{B1581282}

Respectfully submitted this 16th day of April, 2013.

**OHIO CASUALTY INSURANCE COMPANY**


BY:    *s/ Bryan G. Hale*
       Thomas L. Selden (admitted *pro hac vice*)
       Bryan G. Hale (Miss. Bar No. 102176)
       Starnes Davis Florie LLP
       100 Brookwood Place, 7th Floor
       Birmingham, Alabama 35209
       Tel.: (205) 868-6000
       Fax: (205) 868-6099
       tls@starneslaw.com
       bgh@starneslaw.com


Of Counsel:

Starnes Davis Florie LLP
100 Brookwood Place, 7th Floor
Birmingham, Alabama 35209
Tel.: (205) 868-6000
Fax: (205) 868-6099
tls@starneslaw.com
bgh@starneslaw.com


## CERTIFICATE OF SERVICE

I do hereby certify that I have caused a copy of the foregoing to be electronically filed using the Court's CM/ECF system on this the 16th day of April, 2013, which will automatically send an electronic copy of this filing to the following:

Gary Yarborough, Jr.
Yarborough Law Firm, PLLC
845-B Highway 90
Bay St. Louis, Mississippi 39520
ylf.garyyarborough@att.net


                    *s/ Bryan G. Hale*
                    Bryan G. Hale

{B1581282}